IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA RULO-SPEED, | ) | |
| individually and on behalf of others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-853 |
| | ) | |
| PS EMPLOYMENT LLC, | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| 10449 St. Charles Rock Road | ) | |
| Suite #510 | ) | |
| St. Ann, MO 63074 | ) | |
| | ) | |
| KAREN POOLE, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Serve at: | ) | |
| | ) | |
| 10449 St. Charles Rock Road | ) | |
| Suite #510 | ) | |
| St. Ann, MO 63074 | ) | |
| | ) | |
| & | ) | |
| | ) | |
| AMERICAN EMPLOYER GROUP, | ) | |
| VI, INC. | ) | |
| | ) | |
| Serve at: | ) | |
| | ) | |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY, | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Regina Rulo-Speed ("Plaintiff" or "Rulo-Speed"), by and through undersigned counsel, and for her Complaint against Defendants PS Employment LLC d/b/a Preferred Staffing ("Preferred Staffing"), Nancy Poole ("Poole"), American Employer Group VI, Inc. ("AEG") (collectively, "Defendants"), states as follows:

## JURISDICTION AND VENUE

1.      The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), authorizes court actions by private parties to recover damages for violation of wage and hour provisions contained within the FLSA.

2.      Jurisdiction of this Court is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District in that Defendants hired, controlled, and compensated its employees, including Plaintiff, in Missouri.

## PARTIES

4.      Rulo-Speed is a citizen of the United States who resides in St. Louis, Missouri. Plaintiff and those similarly situated are individual workers engaged in commerce or in the production of goods for commerce.

5.      Defendant PS Employment LLC d/b/a Preferred Staffing is a limited liability company organized under Missouri law with a principal place of business at 10449 St. Charles Rock Road, St. Ann, MO 63074.

6.      Preferred Staffing is an "employer" of Plaintiff and all similarly situated individuals within the meaning of 29 U.S.C. § 203(d), as it operates, controls and manages HR Coordinators

remotely and possesses power to hire and fire HR Coordinators, supervises and controls HR Coordinator work schedules or conditions of employment, determines rates and methods of payment, and maintains employment records.

7.     Preferred Staffing is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s) in that Preferred Staffing had, at all relevant times, two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, interstate commerce and Defendant had annual gross volume of sales made or business conducted of at least five hundred thousand dollars ($500,000.00).

8.     Defendant Karen Poole ("Poole") is a Missouri citizen holding the position of manager and owner of PS Employment LLC.  In her official capacity as manager and owner of Preferred Staffing, Poole established policies and made hiring, firing, and disciplinary decisions affecting employees, including Plaintiff.

9.     American Employer Group VI, Inc., ("AEG") is part of a collection of foreign corporations registered to do business in the state of Missouri and does business in Missouri as a "Professional Employer Organization." AEG was registered with the state of Missouri as an employer of record for Rulo-Speed and its registered address appears on her paychecks. In addition to American Employer Group, VI Inc., AEG also performs business in the state of Missouri under the registered corporations American Employer Group, III, Inc., American Employer Group, IV. Inc., and may enter and perform contracts to perform services within the state of Missouri through other entities unregistered with the state of Missouri.

10.     AEG is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s) in that AEG had, at all relevant times, two

(2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, interstate commerce and Defendant had annual gross volume of sales made or business conducted of at least five hundred thousand dollars ($500,000.00).

11.     AEG is an "employer" of Plaintiff and all similarly situated individuals within the meaning of 29 U.S.C. § 203(d).

## FACTUAL BACKGROUND

12.     In early 2015, Rulo-Speed identified an employment opportunity with Preferred Staffing listed on Craigslist. After submitting her application, Rulo-Speed interviewed for the position twice, and at least once with Poole, and completed job application materials.

13.      The application materials completed by Rulo-Speed during the interview process included hiring documentation submitted to AEG, including direct deposit forms, tax forms, employee information sheets, and employee agreements.

14.     On or around July 29, 2015, Rulo-Speed was hired by Preferred Staffing and Poole through AEG for the job position of HR Coordinator to perform staffing coordination work.

15.     Preferred Staffing, Poole, and AEG jointly determine, shared, and allocated the power to control or supervise the Rulo-Speed through direct or indirect means.

16.     Preferred Staffing, Poole, and AEG jointly determined, shared, and allocated the power to—directly or indirectly—hire or fire Rulo-Speed or modify the terms or conditions of her employment.

17.     Rulo-Speed received paycheck stubs and timekeeping records identifying both PS Employment LLC and AEG as her employer.

18.     Preferred Staffing, Poole, and AEG contractually agreed to a long-term relationship for the provision of timekeeping, attendance, and payroll services.

19.     Through shared management, AEG allowed Preferred Staffing and Poole to control its pay policies and practices as they pertained to its employees, such as Rulo-Speed and other similarly situated employees.

20.     Preferred Staffing and Poole owned and controlled the premises upon which the work was performed, and the work performed was subject to the pay policies and practices of AEG.

21.     Preferred Staffing, Poole, and AEG jointly determined, shared, and allocated responsibility over functions ordinarily carried out by an employer, such as handling payroll, providing workers' compensation insurance, paying payroll taxes, and providing the facilities, equipment, tools, or materials necessary to complete the work.

22.     Rulo-Speed's joint employment with Preferred Staffing, Poole, and AEG lasted from July 29, 2015 until her termination on October 28, 2016.

23.     Preferred Staffing, in cooperation and conjunction with AEG, operates as a staffing agency for businesses, connecting clients with a pool of unskilled temporary labor and providing third-party human-resource- and compliance-related services, including but not limited to legal compliance, initial hiring paperwork and job application management, payroll processing, and time card processing.

24.     Upon information and belief, AEG provides Preferred Staffing and Poole with compliance, timekeeping, attendance, and payroll services according to a common plan or policy of AEG to contractually shirk, and shift, its compliance obligations under the FLSA as a joint employer with other companies such as Preferred Staffing.

25.     Upon information and belief, AEG provides compliance, timekeeping, attendance, and payroll services under programs, policies, practices, and procedures identical to those with

Preferred Staffing, maintaining inaccurate time and pay records in violation of the FLSA and facilitating another non-public entity and joint employer in failing to compensate employees in compliance with the FLSA by providing "comp time" to their non-exempt employees rather than compensating her with free and clear wages at a rate less than one and one half the regular rate of pay for all hours worked.

26.     As an HR Coordinator for Preferred Staffing, Rulo-Speed's job duties included clerical tasks of ensuring job pool applicants completed all necessary paperwork to be added to the list of employees maintained by Defendants. These tasks involved no discretion in that they entailed handling and processing paperwork and matching available individuals with unskilled tasks.  Even when Preferred Staffing performed staffing processes for clients requesting skilled labor staffing, all discretionary components, including skill evaluation, were performed by Preferred Staffing's clients.

27.     Following her hire, Rulo-Speed was subjected to a probationary hire period, during which her performance and suitability for the position of HR Coordinator was evaluated prior to being added to an "on-call" rotation.  Rulo-Speed successfully completed the probationary hire period.

28.     Following the probationary hire period, Preferred Staffing includes HR Coordinators in an "on-call" weekly rotation.  HR Coordinators staffed to the "on-call" rotation were responsible to work all hours in a workweek necessary to ensure client staffing needs were being met.

29.     Rulo-Speed routinely worked in excess of 40 hours in a workweek while scheduled by Preferred Staffing as "on-call."

30.     When Rulo-Speed inquired as to how the "on-call" hours were paid, Poole responded, on behalf of both AEG and Preferred Staffing, that there would be no overtime pay and Rulo-Speed would instead be compensated for her "on-call" work with "comp time."

31.     These "on-call" hours and "comp time" payments were tracked and monitored by AEG according to AEG's common plan, practice or policy of contracting with joint employers to establish plans, policies, and procedures for the compensation of its employees.

32.     Rulo-Speed was provided with compensatory time off at a rate of not less than one and one-half hours for each overtime hour worked in lieu of free and clear wages and overtime premium pay at the regular rate as defined by law and regulations.

33.     Rulo-Speed was classified and treated by Preferred Staffing, Poole, and AEG as an hourly, non-exempt employee.

34.     Plaintiff and those similarly situated subject to Defendants' unlawful pay policies and practices are non-exempt, hourly employees for purposes of the payment of overtime wages and recordkeeping requirements pursuant to the FLSA.

35.     Upon information and belief, Defendants subjected other similarly situated employees to their unlawful pay policies and practices.

36.     At all times relevant herein, Defendants were under a duty to comply with all federal, state and local laws regarding payment for hours worked and maintenance of timekeeping and payroll records.

37.     Plaintiff and other similarly situated employees routinely worked more than forty (40) hours within a work week without receiving overtime pay of time-and-a-half for all hours worked in excess of forty (40) per work week, in that Defendants subjected hourly non-exempt

employees to a common policy or scheme of receiving "comp time" in lieu of overtime wages, in violation of 29 U.S.C. § 207.

38.     Defendants' common policy of providing "comp time" for hours worked over 40 in a given workweek directly conflicts with the plain language of 29 C.F.R. § 778.104, which provides that each workweek stands alone and the FLSA does not permit the averaging of hours worked over two (2) or more weeks.

39.     Section 207(o) of the FLSA allows public employers at the federal, state, or local level to compensate non-exempt employees for hours worked in excess of 40 in a workweek with comp time in lieu of cash overtime.  Neither AEG, Poole, nor Preferred Staffing are or were "public agencies" as defined by the FLSA.

40.     Based on its statements, actions and omissions, Defendants knowingly and willfully sought to avoid timely paying Plaintiff and others similarly situated all wages owed at the appropriately calculated overtime rate.

41.     To date, Plaintiff and others similarly situated have not received the full compensation to which they are entitled under applicable laws and regulations.

42.     These violations were knowing and willful, in that Defendants failed to maintain accurate records, sought to conceal the violations rather than remedy them, and repeatedly refused to fully remedy and correct the issues when repeatedly brought to Defendants' attention for informal resolution without Court involvement.

## **COLLECTIVE ACTION ALLEGATIONS**

43.     Plaintiff brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

44.     Plaintiff, individually and on behalf of other similarly situated hourly employees of Defendants, seeks relief on a collective basis challenging Defendants' calculation of overtime excluding comp time rather than paying premium pay at the lawful regular rate, thereby denying hourly employees of overtime pay equal to one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per workweek during at least one (1) workweek over the past three (3) years.

45.     Plaintiff, individually and on behalf of other similarly situated individuals, seeks relief on a collective basis challenging Defendants' policy of paying overtime hours in a manner that failing to compensate employees for those hours worked at a rate of one-and-one-half times their regular rate of pay for hours worked in excess of forty (40) per workweek.

46.     Plaintiff and potential opt-ins are similarly situated in that they are non-exempt employees subject to Defendants' common plan or practice of improperly paying "comp time" to hourly non-exempt employees of non-public employers in lieu of overtime wages at one-and-one-half times the regular rate of pay for all hours worked.

47.     Plaintiff consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A to the Complaint.

48.     Defendants failed to post notice of FLSA rights and misinformed employees as to their rights, thereby justifying equitable tolling of the statute of limitations.

## COUNT I

## FAILURE TO PAY OVERTIME COMPENSATION
## IN VIOLATION OF FAIR LABOR STANDARDS ACT (FLSA)

49.     Plaintiff incorporates by reference all preceding paragraphs, as if fully stated herein.

50.     The FLSA requires employers to pay non-exempt employees at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in any given workweek.

29 U.S.C. § 207.

51. At all times material herein, Plaintiff and those similarly situated were entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. § 216(b).

52. Defendants failed to pay Plaintiff and those similarly situated overtime compensation at the statutorily prescribed rate of one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) per workweek.

53. Defendants violated the FLSA by failing to keep accurate records of all wages paid and adjustments to those wages, including bonuses, deductions, and other facilities worked by Plaintiff and those similarly situated.

54. During the scope of her employment, Plaintiff and those similarly situated were not properly paid overtime for hours worked in excess of forty per work week at a rate of one-and-one-half times the regular rate of pay.

55. Plaintiff and those similarly situated are owed liquidated damages as a result of not being properly paid overtime. No good faith or objectively reasonable basis exists for Defendant's violations of the FLSA.

56. Defendants knew or should have known that Plaintiff and those similarly situated were non-exempt employees and knowingly and willfully violated the FLSA by failing to pay overtime compensation.

57. Defendants failed to post notice of FLSA rights and misinformed employees as to their rights justifying equitable tolling of the statute of limitations.

WHEREFORE Plaintiff seeks relief and judgment, individually and as a collective action, against Defendants, jointly and severally, as follows: (1) judgment against Defendants for violation of the overtime wage provisions of the FLSA; (2) an award of unpaid overtime wages; (3)

determination that Defendants' FLSA violations were willful; (4) imposition of liquidated damages against Defendants; (5) pre-judgment and post-judgment interest as provided by law; (6) an award of reasonable attorneys' fees and costs incurred; and (7) such other and further relief as the Court deems fair and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case which are so triable.

Respectfully Submitted,


By:        */s/ Kevin J. Dolley*
Kevin J. Dolley (E.D. Mo. #54132MO)
Jason M. Finkes (E.D. Mo. #65903MO)
LAW OFFICES OF KEVIN J. DOLLEY, LLC
2726 S. Brentwood Blvd.
St. Louis MO 63144
(314)645-4100 (office)
(314)736-6216 (fax)
kevin@dolleylaw.com
jason.finkes@dolleylaw.com

*Attorneys for Plaintiff Regina Rulo-Speed*
*and those similarly situated*